### G. & C. MERRIAM CO. v. UNITED DICTIONARY CO.

(Circuit Court, N. D. Illinois, E. D.   December 18. 1905.)

#### No. 27,731.

COPYRIGHTS—INFRINGEMENT—PERSONS ENTITLED TO SUE.

> One who publishes a copyrighted book in the United States, containing due notice of copyright, but who subsequently takes the plates from which it was printed, and which were made from type set in this country, to England, and there publishes from said plates another edition of the book, intentionally omitting therefrom the notice of American copyright, cannot maintain a suit for infringement of copyright against another who imports a copy of the English book and reproduces it in the United States; the foreign copy, lawfully imported, being in legal effect a publication made in this country without the copyright notice, 'within the meaning of Rev. St. § 4962 [U. S. Comp. St. 1901, p. 3411], which makes such publication a bar to a suit for infringement.

In Equity. Suit for infringement of copyright. On final hearing.

Charles N. Judson, William B. Hale, Frank F. Reed, and Edw. S. Rogers, for complainant.

James H. Peirce and George P. Fisher, Jr., for defendant.

KOHLSAAT, Circuit Judge. The question in this case is whether one who publishes in this country a copyrighted book, containing due notice of copyright, and who subsequently takes the plates, which are made from type set within the United States and which were used in printing said copyrighted book, to England, and there, in conjunction with another publisher, publishes another edition of the book from said plates, intentionally omitting therefrom the notice of the American copyright, can maintain a suit for infringement against another, who imports a copy of the English book and proceeds to reproduce the same.

The only limit, for the purposes of this hearing, placed upon the right of the English publisher, is contained in a written contract with him to the effect that he should not import the book or sell it for the purpose of importation into the United States. No breach of this condition is asserted. Defendant imported a copy of the English publication "for use" as he states, and "not for sale" for the purpose of reproducing it in the United States. So far as the record shows, this and another subsequently imported by defendant were the only volumes of the English edition in the country. Defendant thereupon proceeded to photograph the book, and make plates therefrom in this country, and to reproduce said imported book. The bill herein was filed to restrain defendant from such act. The cause is now before the court on final hearing.

The copyright act prohibits the importation of a book not made from plates from type set in the United States during the life of the copyright, but contains no prohibition as to a book made from type set in this country, as was the case here. In the latter case there is no restriction placed upon importation, except that imposed by the revenue act, which it is not necessary here to consider. So far as disclosed in the agreed statement of facts, the two books in question were rightfully in the possession of defendant, as much so as though complainant had in person delivered the same to it without condition. If such an act constituted a publication, within the terms of Rev. St. § 4962 [U. S. Comp. St. 1901, p. 3411], which provides that no person shall maintain an action for the infringement of his copyright, unless he shall give notice of his copyright by inserting in the several copies of every edition published the words prescribed by the section, then complainant falls within the prohibition, and cannot maintain this suit. I can see no distinction in legal effect between the status of the imported book under the above circumstances, and that of a book published in this country from plates made here, which omits the requirements of notice prescribed in said section 4962. Any person desiring to take advantage of the copyright law must follow its provisions strictly. Wheaton v. Peters, 8 Pet. 593, 8 L. Ed. 1055; Thompson v. Hubbard, 131 U. S. 123, 9 Sup. Ct. 710, 33 L. Ed. 76; Osgood v. Aloe Instrument Co. (C. C.) 83 Fed. 470. It was held in Gottsberger v. Aldine Pub. Co. (C. C.) 33 Fed. 381, that a sale of one volume constituted a publication, and came within the prohibition of the copyright statute. In the case of Larrowe-Loisette v. O'Loughlin et al. (C. C.) 88 Fed. 896, the court decided that one claiming copyright

could not free himself from the strict terms of the statute by disposing of or printing books in which copyright is claimed, to be used by others under a contract which bound them not to disclose the contents.

The volumes in question amounted in my opinion to such a publication as will bar complainant from maintaining this suit. What might have been the effect if the English edition had retained the notice of copyright appearing in the American edition need not be discussed. Such a notice was of no moment in England, and might, conceivably, have been deemed detrimental to the sale of the book. The equities of the situation are with complainant, and it is with regret that I find myself driven to a legal conclusion which ignores them. The remedy rests with Congress, and not with the courts.

The bill is dismissed for want of equity.

---

## THE EMMA B.

(District Court, D. New Jersey. July 29, 1905.)

ADMIRALTY—SUIT FOR PARTITION—SEIZURE OF VESSEL.

In a suit between equal part owners for partition of a schooner which is in commission, the vessel will not be seized and kept in custody of the marshal under expense, provided the respondent will give a bond for her delivery sufficient to protect the interest of libelant.

[Ed. Note.—For cases in point, see Vol. 1, Cent. Dig. Admiralty, §454.]

In Admiralty. Suit for partition of vessel. On rule to show cause.

Avery F. Cushman and James D. Dewell, Jr., for libelant.
James Parker, for claimant.